ORDERED UNSEALED on 01/12/2026   s/ andreasan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

v.

ANGEL ROBLES,

                    Defendant

Case No.:  26mj85

Title 26 U.S.C. § 5861(d) –
Possession of an Unregistered Firearm
in violation of the National Firearms
Act (Felony); Title 18 U.S.C. § 922(o) –
Possession of a Machinegun (Felony)

The undersigned complainant being duly sworn states:

COUNT ONE

On or about December 18, 2025, within the Southern District of California, defendant Angel ROBLES did knowingly possess a firearm, to wit: an AR-style 5.56 caliber un-serialized short-barreled rifle, with a barrel of less than 16 inches in length; not registered to him in the National Firearms Registration and Transfer Record; in violation of Title 26, United States Code, Section 5861(d).

COUNT TWO

On or about December 18, 2025, within the Southern District of California, defendant Angel ROBLES did knowingly and intentionally possess a machinegun, and was aware of the essential characteristics of that machinegun under 921(a), to wit: an AR-style 5.56 caliber un-serialized short-barreled rifle; in violation of Title 18, United States Code, Section 922(o).

*Sean Davis*

_____

Sean Davis
ATF Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this  7 th day of January, 2026.

_____

HON. VALERIE E. TORRES
UNITED STATES MAGISTRATE JUDGE

2

**<u>PROBABLE CAUSE STATEMENT</u>**

I have learned the following information from having spoken to and read the reports prepared by other law enforcement officers, as well as my own observations during this investigation. The following does not contain all of the information known to myself or other federal agents and state and local officers regarding this investigation, but does contain at least those facts believed to be necessary to establish the requisite probable cause.

On or about October 25, 2025, at approximately 4:30 p.m., San Diego County Sheriff's Department deputies received a radio call regarding vandalism at 425 E. Bradley Avenue. This address is a known location for members of the El Cajon Locos street gang and his been the subject of numerous recent criminal incidents within the past year, including a homicide, assaults, and robberies.

After deputies arrived, they learned that three suspects were observed spray painting the words "ECLS Zone," "V ECLS X3 380 Zone," "Locos Gang," and "Get Down Lento Siko X3 ECLS X3" on structures at the address. Based on my training and experience and in consultation with other law enforcement officers knowledgeable about criminal street gangs, including the El Cajon Locos, these markings were associated with the El Cajon Locos and their members, and are indicative of "tagging," whereby the gang marks its claimed territory with symbols associated with the gang and its members.

After interviews and reviewing video surveillance, and further investigation, deputies identified the individuals involved in the vandalism as known members of the El Cajon Locos. This included Defendant Angel ROBLES, ("Defendant") who used the gang moniker "Get Down," which was consistent with the vandalized "tagging" found at 425 E. Bradley Avenue.

Based on this incident, deputies sought a search warrant for Defendant's residence and began conducting surveillance on it. On December 18, 2025, at approximately 10:40 a.m., deputies observed Defendant exit the residence carrying a bag, place the bag into a parked vehicle outside the residence, and then continued walking down the road. Shortly

thereafter, Defendant was contacted and arrested by El Cajon Police officers for vandalism and promotion of a street gang.

At approximately 11:04 a.m., deputies executed the residential search warrant at Defendant's residence. Prior to the search, deputies were aware that Defendant had been convicted of a prior firearms violation and, as part of his sentence, was prohibited from possessing firearms and ammunition. During the search, deputies identified a room in the residence believed to be Defendant's bedroom and found a 5.56 caliber high-capacity magazine loaded with 30 rounds of ammunition under the mattress, Defendant's California ID Card, a large amount of currency, and pictures of Defendant in a wallet on top of the bed. Deputies also located a can of spray paint with "EC380 boyz," and "53" marked on it. Based on their training and experience they knew that markings on the spray can were associated with the El Cajon Locos street gang.

Also found in the room was a substance that tested positive for cocaine (2.8 grams gross), additional currency, clothing matching the clothing seen on the surveillance video of the vandalism incident, marijuana, THC pens, digital scales, and .380 caliber ammunition.

A subsequent search of the vehicle Defendant was observed placing a bag into before his arrest revealed a bag matching the same description. A search of the bag revealed an AR-style 5.56 caliber un-serialized short-barreled rifle, with a barrel of less than 16 inches in length and an unloaded 5.56 caliber high-capacity magazine.

ATF Special agents inspected the un-serialized rifle and determined that it was a "short-barreled" rifle because it had a barrel of less than 16 inches in length. They also determined that the rifle was modified for use as a "machinegun." Un-serialized firearms cannot be registered with National Firearms Registration and Transfer Records as required for both short-barreled rifles and machineguns in accordance with the National Firearms Act.

## **REQUEST FOR SEALING**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.